462 P.2d 812

**In the Matter of Alexander RUSSIN, a Member of the State Bar of Arizona.**

**No. 9793.**

Supreme Court of Arizona.

In Banc.

Dec. 23, 1969.

James P. Boyle, Jr., Prescott, for the State Bar of Arizona.

Jack C. Cavness, Phoenix, for respondent.

STRUCKMEYER, Justice.

Proceedings were instituted by Thurman D. Ferrell before the Grievance Committee for District I of the Bar Association of the State of Arizona charging Alexander Russin, an Attorney at Law, with the violation of Canon 15 of the Canons of Professional Ethics of the American Bar Association. A violation of a Canon of Professional Ethics is by Rule 29(b), Rules of the Supreme Court, 17 A.R.S., made grounds for disbarment, suspension, reproval or discipline. As a result of the proceedings so instituted, the Board of Governors of the State Bar of Arizona on the 12th day of September, 1969, recommended that respondent be reprimanded. The record filed with this court pursuant to the Rules of the Supreme Court for the admission and discipline of attorneys, Rules 27 through 43, Rules of the Supreme Court, fully supports the recommendation of the State Bar Board of Governors.

Respondent, in the course of his practice, accepted employment by Thurman D. Ferrel as his attorney, and an action was filed on behalf of Ferrell and his wife against the Becker Mercantile Company of Apache County, Arizona, for specific performance of a contract to convey real property. Thereafter the Becker Mercantile Co., through counsel, filed a counterclaim praying that title be quieted to the land involved in the dispute. Respondent failed to reply to the counterclaim; consequently, a default

judgment was entered against the Ferrells quieting title to the property.

Respondent at the hearing before the local Administrative Committee testified that he was having secretarial problems when the reply to the counterclaim was due and that the time for answering the counterclaim was inadvertently overlooked. However, he testified that upon being notified of the default:

"I didn't think that the claim that I had filed originally in good faith—but after many months of discussion and inquiry, found out that the claim really wasn't—I won't say justified, but I didn't think it had enough merit to withstand the counterclaim of Becker Mercantile because they had already obtained a default, declared a forfeiture on the contract.

"This went on for some time and I received a notice of taking default judgment and I didn't know what I could do. There wasn't anything—in my opinion, I had no defense in this matter and so actually that's what occurred."

Respondent also testified that he did not resist the taking of default or take other action because he decided that "there wasn't any defense at all to the counterclaim."

Canon 15 of the Canons of Professional Ethics of the American Bar Association provides in part:

"The lawyer owes 'entire devotion to the interest of the client, warm zeal in the maintenance and defense of his rights and the exertion of his utmost learning and ability' * * *."

We express no opinion as to the merits of respondent's claim of excusable neglect, see Rule 60(c), Rules of Civil Procedure, 16 A.R.S., since it is clear that respondent's failure to advise the Ferrells of his conclusion that their claim did not have sufficient merit to withstand the counterclaim was less than "entire devotion to the interest of the client." It was his responsibility to consult with the Ferrells and inform them of his decision in order that they might either acquiesce in the termination of the litigation in this fashion or be given the opportunity to obtain the advice and services of another attorney.

The recommendation of the State Bar Board of Governors is approved and respondent is reprimanded for failing to devote his entire interest to that of his clients and his warm zeal in the maintenance and defense of their rights.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and HAYS, JJ., concur.